IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,750-01






EX PARTE CARROLL WAYNE GONZILAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. 15127-B IN THE 104th JUDICIAL DISTRICT COURT

TAYLOR COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of methamphetamine in the amount of four to two hundred
grams, and punishment was assessed at fifteen years confinement. No direct appeal was
taken. 

 Applicant contends that he received ineffective assistance of counsel at his trial. 
Specifically, the Applicant contends that counsel advised him to plead guilty when he did not
possess four grams or more of methamphetamine, and that counsel was ineffective for failing
to file a motion to suppress the narcotics seized during his arrest. The Applicant has included
documentation, allegedly from the Texas Department of Public Safety, which supports his
claim that he was in possession of less than four grams of methamphetamine in this cause.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from counsel and the Texas Department of Public Safety, or
it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel was ineffective for advising the Applicant to plead guilty to possessing
the amount of methamphetamine alleged in the indictment, and whether counsel was
ineffective for failing to file a motion to suppress. In addition, the trial court shall make
findings of fact regarding the validity of the documentation sent by the Applicant in support
of his claim that counsel was ineffective. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.